**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LISA ROMERO GONZALEZ, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01367-XR |
| | § | |
| FRED LOYA INSURANCE COMPANY, | § | |
| *Defendant* | § | |

## ORDER ON MOTION TO DISMISS AND COMPEL ARBITRATION

On this date, the Court considered Defendant's Motion to Dismiss and Compel Arbitration (ECF No. 5). After careful consideration, the Court issues the following order.

### BACKGROUND

This is an employment dispute. Plaintiff alleges that she worked for Defendant for approximately five years when she was diagnosed with thyroid cancer. ECF No. 5–6. She claims that when she sought time off and work-from-home adjustments from her supervisor, the supervisor "aggressively screamed at [her]," threatened to fire her, and denied her request. *Id.* She alleges that the supervisor was "verbally abusive," causing "severe anxiety and stress," despite Plaintiff's cancer diagnosis "substantially limit[ing] one or more major activities." *Id.* She further claims that she was "wrongfully terminated from employment" in April 2025. ECF No. 1.

Plaintiff brought this action alleging discrimination, retaliation, harassment, and wrongful termination under Title VII of the Civil Rights Act and the Americans with Disabilities Act. *Id.* at 6. Defendant moved to dismiss Plaintiff's complaint and compel arbitration.[1] It contends that Plaintiff agreed to arbitrate any claims relating to her employment on three separate occasions: in

---

[1] ECF No. 5. Defendant moves to do so under Federal Rule of Civil Procedure 12(b)( 1), or in the alternative, (b)(4) or (b)(6). *Id.* at 1.

her employment application, in signing Defendant's "Handbook and Employee Manual", and in a stand alone "Mutual Agreement to Arbitrate Claims" (the "Arbitration Agreement"). *Id.* at 3.

## LEGAL STANDARD

### I. *Pro Se* Construction

The Court notes that Plaintiff is proceeding *pro se*. When reviewing a *pro se* complaint, the Court must construe the allegations liberally, holding the *pro se* plaintiff to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995)).

### II. Agreements to Arbitrate

The Fifth Circuit has established a two-step inquiry in determining whether the parties have agreed to arbitrate a claim. "The first is contract formation—whether the parties entered into *any arbitration agreement at all*. The second involves contract interpretation to determine whether *this* claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis in original). In the absence of a valid clause delegating the threshold issue of arbitrability to the arbitrator, both steps are questions for the Court. *Id.*

Although there is a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *TRC Envt'l Corp. v. LVI Facility Servs., Inc.*, 612 F. App'x 759, 762 (5th Cir. 2015). Hence, the party

moving to compel arbitration bears the initial burden of proving the existence of a valid agreement to arbitrate. *See Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). Once the moving party has met its initial burden, the burden shifts to the party resisting arbitration to assert a reason that the arbitration agreement is unenforceable. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

"Section 2 of the FAA provides that written arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996) (quoting 9 U.S.C. § 2). "[A]s a matter of federal law, arbitration agreements and clauses are to be enforced *unless* they are invalid under principles of state law that govern all contracts." *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004) (emphasis in original) (interpreting Section 2). Thus, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Casarotto*, 517 U.S. at 687.

## DISCUSSION

### I. The Arbitration Provision Is Valid and Enforceable

Whether there is a valid arbitration agreement turns on state contract law. *Kubala*, 830 F.3d at 202; *see Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004) ("[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement.").

Texas law provides that the party attempting to enforce an arbitration agreement must show the agreement meets all requisite contract elements. *Specialty Select Care Ctr. of San Antonio, L.L.C. v. Owen*, 499 S.W.3d 37, 43 (Tex. App.—San Antonio 2016). Under Texas law, "[t]he

3

elements needed to form a valid and binding contract are (1) an offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration." *Id.* When an arbitration agreement is part of an underlying contract, the rest of the agreement provides the necessary consideration. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005).

Here, neither party suggests that the Arbitration Agreement is unenforceable. Plaintiff signed the agreement at the beginning of her employment. ECF No. 5 at 3; *see also Rojas v. TK Communs.*, 87 F.3d 745, 751 (5th Cir. 1996) (holding that an arbitration clause in an employment agreement required the parties to arbitrate the plaintiff's Title VII claim). In doing so, Plaintiff affirmed that Defendant's "provision of employment . . . and the promises by [Defendant] and by [Plaintiff] to arbitrate differences . . . provide consideration" for her pledge to arbitrate any claims. ECF No. 5-1 at 6. The Court finds that the agreement is valid and enforceable. *See Educ. Mgmt. Servs., LLC v. Tracey*, No. SA:15-CV-075-DAE, 2015 U.S. Dist. LEXIS 85259, at *7 (W.D. Tex. July 1, 2015) (finding that a valid arbitration agreement exists when the nonmovant "does not dispute the existence of a valid arbitration agreement").

## II. Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreement

Having established the enforceability of the Arbitration Agreement, the question is "whether *this* claim is covered by the arbitration agreement." *Kubala*, 830 F.3d at 201. Plaintiff contends that it is not. ECF No. 7 at 2. She argues that the agreement is narrow and "covers only disability-discrimination claims." *Id.* Because she also alleges retaliation, harassment, and wrongful termination claims, she asserts that the Arbitration Agreement does not apply. *Id.*

But the Arbitration Agreement is not so narrow that it excludes these other claims. It states in relevant part:

**Claims Covered by the Agreement.** The Company and I mutually consent to the resolution by arbitration of all disputes . . . whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against [the Company and its agents].

Arbitrable claims include, but are not limited to: . . . ***claims for discrimination*** (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental ***disability or handicap, or medical condition*** under state or federal laws); . . . ***claims for violation of any federal . . . statute***, regulation, or ordinance . . . .

ECF No. 5-1 at 2–3 (emphasis added). Plaintiff brings her claims under the Americans with Disabilities Act and Title VII. Both are federal statutes. The Arbitration Agreement clearly covers Plaintiff's claims, so the Court must compel arbitration.

## III. The Case Should Be Stayed Pending Arbitration

Considering the necessity of arbitration, Defendant further moves to dismiss the action with prejudice. ECF No. 5 at 8. It cites *Alford v. Dean Witter Reynolds* for the proposition that the Court may exercise discretion to do so. 975 F.2d 1161 (5th Cir. 1992). But the Supreme Court recently held that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

In her Response, Plaintiff argued that "the proper remedy is a stay of arbitrable claims only, not dismissal of the entire case." ECF No. 7 at 3. Recognizing the need to "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Grant*, 59 F.3d at 524, the Court will construe this as a request to stay the case pending arbitration.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and Compel Arbitration (ECF No. 5) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant's Motion to Compel Arbitration is **GRANTED.** The parties are **ORDERED** to arbitrate Plaintiff's claims according to the terms of the Arbitration Agreement. The parties are further **DIRECTED** to advise the Court on the outcome of arbitration no later than **10 days** following its completion.

Defendant's Motion to Dismiss is **DENIED**. Instead, this case is hereby **STAYED** pending arbitration of Plaintiff's claims.

The Court finds this case is appropriate for administrative closure pending the outcome of arbitration. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff **Lisa Romero Gonzalez** at 6403 Palmetto Way, San Antonio, TX 78253.

It is so **ORDERED**.

**SIGNED** this 27th day of February, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

6